**Lena Liota LATINO, etc., et al., Plaintiffs and Third-Party Plaintiffs and Appellants,**

v.

**HARDWARE MUTUAL CASUALTY COMPANY, Defendant, Third-Party Defendant and Appellee.**

No. 27179.

United States Court of Appeals
Fifth Circuit.

June 30, 1969.

Ronald A. Curet, Hammond, La., Gerard M. Dillon, H. Martin Hunley, Jr., Curtis R. Boisfontain, E. Kelleher Simon, John G. Miller, Jr., New Orleans, La., Loeb, Dillon & Livaudais, Lemle, Kelleher, Kohlmeyer, Matthews & Schumacher Sessions, Fishman, Rosenson, Snellings & Boisfontaine, New Orleans, La., for appellants.

Robert E. Leake, Jr., of Hammett, Leake & Hammett, New Orleans, La., for appellee.

Before JOHN R. BROWN, Chief Judge, DYER, Circuit Judge, and HUNTER, District Judge.

PER CURIAM:

This appeal from a summary judgment entered in favor of Hardware Mutual Casualty Company presents a single question of law: Was the district court correct in holding that the insurance policy issued by appellee did not provide coverage for the claims sued upon because it excluded coverage for completed operations? Appellee relies on the case of Glass v. Flowers, 149 So.2d 747 (La. App.1963), which they contend is on "all fours", both factually and legally, with the instant case.

The undisputed facts reveal: (1) the policy was issued to Wendelken, whose work was completed before January 25, 1963; (2) this litigation results from the death of Alex Latino, who is alleged to have died from injuries sustained in an accident on April 26, 1963; (3) as of April 26, 1963, Wendelken's policy with Hardware expressly excluded the products-completed hazard, which was defined to include operations whether or not goods or products were involved. The law of *Glass* is sound. Liability under the policy is a matter of contract upon which contract principles apply. The policy provisions excluding

liability for damages occurring after an assured's activity has ceased are perfectly valid. The plain meaning of the language of the policy excludes coverage for occurrences taking place after operations of the assured had been completed. In any event, it is clear that it was not the intention of Wendelken to contract for, nor was it the intention of the insurer to provide, Completed Operations coverage, which would have been necessary to afford coverage here.

The judgment of the district court is affirmed.